## No. 10,804.

### JOSEPH DANA ET AL. vs. TONY DANA ET ALS.

The testimony among brothers being conflicting and disconcertingly confusing: The succession of their father never having been opened, although it owned property, and the assets of the mother's succession having been left with little owing to a division of property, made a short time prior to her death, in which division one of the heirs was not included: Collation must be made that equality of inheritance may be established among the heirs.

The division of property made by the mother a short time prior to her death included nearly all she owned.

The heir, Tony Dana, did not owe her $600, as charged, and he is, therefore, not bound to collate that amount.

APPEAL from the Seventeenth District Court for the Parish of East Baton Rouge. *Buckner, J.*

---

*H. F. Brunot* and *J. & G. W. Burgess* for Plaintiffs and Appellees:

1. Where the father of minors die leaving an estate in community and the surviving wife and mother continue the same business with the labor and assistance of the minor children each heir is entitled to his portion of the succession of his father and mother, and the minors are *not allowed pay for services during their minority.* 2 An. 215, Ledbetter vs. Ledbetter.

2. Where an heir receives an extra portion he should be made to collate, unless it be an advance made legally and not exceeding the disposable portion.

3. Each heir receiving from their deceased parents, should collate to the mass of the successions to equalize each portions of all the heirs in a final settlement.

1. This is a suit by plaintiff against his brothers and sister for collation to him of $575, which he alleges each received in a partition or settlement had shortly before their mother's (Mary A. Dana) death. He sues as administrator of his his mother's succession and individually. The law regulating collation is so clearly laid down in the Civil Code that a mere reference to the article will attract the attention of the court.

Article R. C. C. 1227 defines what collation is, and by whom it is due.

Article 1229 shows the equity and justice of the rule, so that whatever is received by one heir over the others is presumed to have been given to be paid to the other heirs after the death by collation, so that the advantage in property or money by one heir is to be collated unless in the act it recites that it is intended to be an advantage or extra part.

Articles 1231-2, 1234, impose the obligation to collate; so, also, 1277, which provides that if there be not enough in the succession to satisfy the heir entitled to collation, the collation or the balance on it shall be paid by the heir who owes the collation. Article 1278 directs how this amount may be secured. See R. C. C., Articles 1242, 1243, 1247, 1248. Articles 1251, 1286, 1234.

We will state here that besides the collation due by Tony Dana judgment was rendered against him for $600. The evidence showed that he got $1000, but plaintiff claims only $600.

It will be noticed that only two of defendants appeal, Tony and John. Neither Samuel nor his sister appeal. We rely on the evidence of Samuel Dana, an interested party testifying against himself; it is certainly entitled to great weight

We refer to the references under several articles of the Code quoted, and to the 34 An. 448, Louke Suc. V. (C.) 21. Collation equality between heirs is a cardinal principle of our law. No deviation is allowed save in narrow limits, and then under the forms of law. 13 An. 207; 2 Hennen, p. 1473; Succession V. (C.) 35; 7 R. 429.

---

*Kernan & Laycock* for Defendants and Appellants:

A donation *inter vivos* even of movable effects will not be valid unless made by authentic act. R. C. 1538, 1536; 22 An. 358.

The manual gift of corporeal movable effects must be accompanied by a real delivery. R. C. C. 1539; 22 An. 97, 144.

A donation of movable property can only be made in two ways: By act before a
    notary and two witnesses or by actual manual delivery.  30 An. 223.
The husband can not be a witness for or against his wife, or the wife for or against
    her husband.  R. C. C. 2281; 11 An. 628; 21 An. 651; 38 An. 197, 10⁶; 40 An. 274 and 275.
Plaintiff must prove his allegation or he can not recover.  He must make his claim
    certain.

The opinion of the court was delivered by

BREAUX, J.   This suit was brought by one of the forced heirs of
Marie Antoinette Dana, deceased, who sues in two capacities, per-
sonally, and as administrator of the succession of his late mother, to
compel his brothers and sisters to collate each the sum of $575, al-
leged to have been received, by each, from their mother, as an ad-
vanced portion; also to recover of one of the defendants, Tony
Dana, the sum of $600 and certain personal effects, to be apportioned
pro rata among the heirs.

Defendants Tony and John Dana pleaded an exception of no cause
of action, which was overruled.   Their answer contains a general
denial.   They, in addition, set forth that the personal effects claimed
were delivered to plaintiff; further, that three of the defendants
had been engaged in business as partners, and that on the dissolution
of the partnership, a partition was made, and an equal share was
allowed to the mother.

From a judgment against Tony Dana for $600, in favor of plaintiff,
and against all the other heirs ordering them to collate each the sum
of $575, defendants Tony Dana and John Dana appealed.

The conflicting statements of the witnesses make it difficult to
determine whether the property belonged to Marie Antoinette Dana,
or to the partnership—of which three of her sons were the members.
Their father died about three years before the suit was brought.   His
succession was never opened.   A few of the witnesses testify that he
had no property; others testify that he owned two luggers and other
property which was taken possession of by their mother, after his
death, and that under her management, with the aid of her sons,
two of whom were minors, the property was made to increase.   By
dint of economy, a few months prior to her death she was enabled
to donate a certain amount to four of her children, she retaining an
amount similar to that donated to each, besides other property of
little value.

There were six witnesses examined in the trial of the case, all

heirs except an uncle and the wife of one of the heirs, whose testimony we will hereafter refer to.   Sam Dana, a partner of Tony and John, the appellants who claim the property as belonging to the partnership, testifies that the business continued after their father's death, controlled by the mother with the children.   His testimony is not always consistent.   Of the contradictory statements made, at least this clear portion of the testimony will be considered and some weight given, he being interested as a member of the partnership claiming to be owner, and therefore against his interest; that the property was owned by their mother.

The other two partners testify that the property belonged to the partnership, and are pleased to testify that their father and mother had no property.

It is proven that the Aline, a lugger, was once owned by the father, afterward the Josephine, another lugger.   These were purchased about six years before his death, and were owned by him at his death.   This is, strange to say, uncontradicted.

These boats were the property of the father and mother, acquired by their joint labor and that of their children.   The appellants were minors, at the time.   The minors can not recover for their labor and change the ownership of property by proving that it contributed to its purchase.   Ledbetter vs. Ledbetter, 2 An. 15.

From the amount realized in trading, and in selling these boats others were bought by the mother, who had the management of the business after the father died, and controlled it to her death.

The record discloses that she was thrifty.

The money realized by her can be accounted for only on the theory that it was invested in the store in Baton Rouge and in other property bought after all the luggers had been sold.

After careful consideration we conclude that the partnership was not the liberal donor to the mother of one-fourth of its assets, but that on the contrary, she divided among her four children property which they had become accustomed to consider as property owned in common, and that for some unexplained reason, plaintiff was not included in the distribution made.

The amount received should be collated and included in the partition.

The other claim amounts to $600, alleged to be due by one of the defendants, Tony Dana, to the succession of his mother.

It is shown that this defendant bought property. One or two of the witnesses testify that at the time the amount of $600 was handed to him by his mother to make this purchase.

Conceding this to be a correct statement among the many that are decidedly incorrect, as this amount was handed to him a short time before the division made of the property, and as it is shown that all the property was appraised and the amount received by each heir was settled by reference to the value of the whole, we conclude that this part of plaintiff's demand should be rejected.

No reference in the testimony is made to $600, or to sums aggregating that amount.

It is contended that as it is in evidence that $600 was handed to one of the defendants, as before mentioned, it follows that he is indebted in the sum of $600.

The division of the property made by the mother included all the assets she had, except property of little value. It is not satisfactorily shown that she owned besides a sum of $600 due by Tony Dana.

The testimony of the wife of one of the heirs has not been considered.

Our brother of the District Court correctly interpreted the law with reference to the testimony of the wife when the husband is interested, but erred in its application. The wife could not testify without testifying for or against the interest of her husband.

Properly, the witness was directed to testify only with reference to the amounts received by the co-heirs of her husband with the view to collation. But it was not possible to fix any amount without affecting the husband's interest, and therefore the wife's testimony falls within the exclusion of Article 2282 of the Civil Code and was not admissible.

Appellants have urged that one of the heirs, a married woman, has not been cited and that no proof has been made establishing any indebtedness on her part.

The form of the citation is evidently an oversight. It can not be of any avail. The interested party makes no defense. We are led to notice this objection only to state that a partition must be made to settle the succession and establish that equality which should prevail among the heirs.

During our examination we were impressed with the necessity

of this partition and were tempted to remand the case without further action to enable the heirs to make a partition.

We have decided the issues presented at this time, as it may facilitate an earlier settlement and thereby enable plaintiff, Joseph Dana, to get his own.

The judgment appealed from is hereby amended by deducting therefrom the $600 decreed in this judgment to be due by Tony Dana to the plaintiff.

After amendment the judgment appealed from is affirmed.